UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIEMENS USA HOLDINGS, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Defendant.** )<br>)<br>)<br>)<br>) | Civil Action No. 12-977 |

# MEMORANDUM OPINION

Plaintiff Siemens USA Holdings, Inc. ("Siemens Holdings"), the parent corporation of a consolidated U.S. tax group of affiliates that includes Siemens Corporation and Siemens Industry, Inc., brings this action for recovery of federal income tax and interest erroneously assessed and collected from it for the tax year ending December 31, 2004. Siemens Holdings asks for a refund in the amount of at least $763,532, plus statutory interest pursuant to 26 U.S.C. § 7422. Compl. ¶¶ 2, 33, ECF No. 1.

Because Siemens Holdings is not the real party in interest, defendant, the United States of America, now moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 17, or alternatively, to transfer venue under Rule 12(b)(3) and 28 U.S.C. §1406(a). Upon consideration of the parties' submissions, the Court will grant the plaintiff leave to substitute Siemens Industry, Inc., as the plaintiff in place of Siemens Holdings and thus, grant defendant's motion to transfer venue to the Northern District of Georgia. The Court holds that Siemens

Industry, Inc. is the "real party in interest" and its principal place of business is in the Northern District of Georgia.

I.  BACKGROUND

In 2004, UGS PLM Solutions, Inc. ("UGS PLM") executed prepaid royalty transactions that were significant for tax purposes. At the time of these transactions, UGS PLM was part of a consolidated tax group for which Electronic Data Systems Corporation ("EDS") was the common parent. Compl. ¶ 8. EDS filed consolidated federal income tax returns on behalf of its entire consolidated group, including UGS PLM. *Id.* Shortly after it executed the royalty prepayments, UGS PLM was acquired by UGS Capital Corporation. In 2007, Siemens Corporation acquired UGS Capital Corporation & Subsidiaries ("UGS Capital"). Compl. ¶ 6. In 2009, UGS Capital merged into Siemens Industry, a wholly owned subsidiary of Siemens Corporation. Pl.'s Mem. in Opp'n to United States' Mot. to Dismiss or Transfer 1, ECF No. 15. Siemens USA Holdings, Inc. is the common parent of the consolidated tax group which includes Siemens Corp. and Siemens Industry. *Id.* at 2. Siemens Corporation manages the consolidated group and acts on behalf of Siemens USA Holdings. *Id.*

On August 24, 2011, the IRS disallowed the prepaid royalty transactions that UGS PLM had executed in 2004 and assessed a tax deficiency against Siemens Industry for that tax year. Compl. ¶ 29. On September 20, 2011, Siemens Corporation paid this tax, plus all accrued statutory interest, on behalf of Siemens Industry. Compl. ¶ 30. On October 26, 2011, Siemens Industry filed a Form 1120X Amended U.S. Corporation Tax Return with the IRS requesting a refund of the overpaid federal income tax plus statutory interest. Compl. ¶ 31. This administrative claim for a refund is required under 26 U.S.C. § 7422(a) as a statutory prerequisite for this lawsuit. The IRS has failed to act on this administrative claim for refund. Compl. ¶ 32.

## II.   LEGAL STANDARD

### A.   Dismissal under Rules 12(b)(6) and 17

Rule 17(a)(1) states that "every action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The real-party-in-interest principle is a means to identify the person who possesses the right sought to be enforced. 6A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1550 at 534 (3d ed. 2010). However, the federal rules "do not contain a specific procedure for raising an objection that plaintiff is not the real party in interest." *Id.* § 1554 at 556. Thus, a motion to dismiss under Rule 12(b)(6) is one proper method of bringing this issue to the Court. "[A] real-party-in-interest defense can be raised as a Rule 12(b)(6) motion . . . because the plaintiff is not the person who should be bringing the suit," and thus, "the plaintiff has failed to state a claim upon which relief can be granted." *Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992). Rule 17(a) "implies that the defense may *not* be raised at any time, for the real party must have the opportunity to step into the 'unreal' party's shoes and should not be prejudiced by undue delay." *Id*.

Rule 17(a)(3) provides "that the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Thus, failure to join the real party in interest at the commencement of the action does not require dismissal. Instead, the real party in interest can be joined or substituted and the action continued as if it had been instituted in that party's name. 6A Wright, Miller & Kane, *supra* § 1541 at 466.

### B.   Proper Venue

This Court has jurisdiction over Siemens Holdings' suit under 28 U.S.C. § 1346(a)(1). A suit by a corporation seeking a tax refund for which the district court has jurisdiction under §

3

1346(a)(1) "may be prosecuted only . . . in the judicial district in which is located the principal place of business or principal office or agency of the corporation."  28 U.S.C. § 1402(a)(2).  Foreseeing the possibility that this Court may deny its motion to dismiss the case, the United States requested in the alternative that this Court transfer the case to the Northern District of Georgia pursuant to Rule 12(b)(3) and 28 U.S.C. §1406(a).  Section 1406(a) provides that

> the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them."  *James v. Booz-Allen*, 227 F. Supp. 2d 16 (D.D.C. 2002) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

### III. ANALYSIS

#### A. Real Party in Interest

26 U.S.C. § 6511(a) states that a "claim for refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed *by the taxpayer* within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid" (emphasis added).  As such, only the "taxpayer" may file a claim for a tax refund.  As the successor to UGS Capital—the original "taxpayer" in this case—Siemens Industry is the "taxpayer" in question because it is the "person subject to any internal revenue tax."  26 U.S.C. § 7701(a)(14).

On October 26, 2011, Siemens Industry filed the necessary administrative claim with the IRS, requesting a refund of the overpaid federal income tax, plus statutory interest.  Compl. ¶ 31.  26 U.S.C. § 7422(a) states that "no suit or proceeding shall be maintained . . . for recovery of any

internal revenue tax alleged to have been erroneously or illegally assessed . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." This administrative claim is a statutory prerequisite for bringing this lawsuit and it was not filed by the plaintiff.

In addition, the legal entity that paid the tax in question in 2011 was actually Siemens Corporation, not plaintiff, Siemens Holdings. The Supreme Court declined to "decide the circumstances, if any, under which a party who volunteers to pay a tax assessed against someone else may seek a refund under Section 1346(a)." *United States v. Williams*, 514 U.S. 527, 540 (1995). The tax was assessed against Siemens Industry as successor in interest to UGS Capital; the administrative claim for refund was filed by Siemens Industry; and then the tax was paid by Siemens Corporation. Thus, if there is any alternative real party in interest to the "taxpayer," such additional party would not be Siemens Holdings, but would be Siemens Corporation.

As such, the Court finds that Siemens Holdings is not the real party in interest to this case and cannot bring the instant tax refund suit in this Court.[1]

### B. Venue

Section 1402(a)(2) states that an action by a corporation seeking a tax refund under aection 1346(a)(1), "may be prosecuted only . . . in the judicial district in which is located the principal place of business or principal office or agency of the corporation." 28 U.S.C. § 1402(a)(2). Section 1406(a) provides that "the district court of a district in which is filed a case

---

[1] Siemens Industry has ratified the continuation of this litigation by plaintiff and agrees to be bound by the result of this case. Mem. In Opp. To United States' Mot. to Dismiss. Under Rule 17(a)(3), "[after] ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). The Court at this time does not reach the issue of whether ratification of the action pursuant to Rule 17(a)(3) creates proper venue in the District of Columbia.

5

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

Siemens Industry's principal place of business is in the Northern District of Georgia as per its representations in *Solomon v. Siemens Industry, Inc.  Solomon v. Seimens Indus., Inc.*, 11-cv-1321, 2011 WL 2837496 (E.D.N.Y. July 18, 2011).  Rather than dismiss this case, the Court offers plaintiff an opportunity to substitute Siemens Industry as the real party in interest; the Court can then transfer this matter to the Northern District of Georgia, which is the proper venue for this case under 28 U.S.C. § 1402(a)(2).

## IV.     CONCLUSION

Siemens Holdings is not the real party in interest to seek the tax refund at issue in this matter.  Siemens Holdings should substitute Siemens Industry as plaintiff in this case.  The Court grants plaintiff leave to substitute Siemens Industry, Inc., as the plaintiff in place of Siemens Holdings. If Siemens Holdings does not do so in 10 days, the Court will dismiss this case pursuant to Rule 12(b)(6).  Upon filing an amended complaint naming the real party in interest, the Court will grant defendant's motion to transfer venue to the Northern District of Georgia.  A response to the amended complaint shall be filed no later than 30 days after the case is docketed in the Northern District of Georgia.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, U.S. District Judge, on August 15, 2013.