IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SIEMENS INDUSTRY, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:13-cv-03080-RLV |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>**

In answer to plaintiff's complaint, defendant United States of America admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. Admits that this is an action for the recovery of federal income tax assessed against Plaintiff for the tax year ending December 31, 2004, plus interest. Further admits that the assessed tax and interest have been paid. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2. Admits.

3.      Admits, except denies that venue for this proceeding properly lies in the United States District Court for the District of Columbia and alleges that this action has been transferred to the United States District Court for the Northern District of Georgia.

## PARTIES

4.      Admits the allegations contained in paragraph 4, except lacks knowledge or information sufficient to form a belief in the truth of the allegation that Siemens USA Holdings has its principal place of business at 300 New Jersey Avenue, N.W., Suite 1000, Washington, D.C.

5.      Admits the allegations contained in the first two sentences of paragraph 5.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6.      Admits.

## COUNT I

7.      Admits that Siemens Corporation acquired UGS Capital Corp. & Subsidiaries ("UGS Capital") in 2007.  Further admits that UGS Capital merged into Siemens Industry, Inc., in 2009 and Siemens Industry, Inc. became the successor-in-interest to UGS Capital for federal income tax purposes for the tax

year ending December 31, 2004.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      Admits that BSW Holdings, Inc., and/or an affiliate indirectly acquired UGS PLM from EDS in 2004.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.      Admits that for one or more taxable years, EDS filed consolidated federal income tax returns on behalf of its entire consolidated group, including UGS PLM.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.     Admits that UGS PLM and subsequently UGS Corp. conducted business through both domestic and foreign subsidiaries in 2004.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11.     Admits that UGS PLM was in the business of developing and distributing product lifecycle management software.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Admits that, at some of the relevant times, some of UGS PLM's domestic subsidiaries licensed software to some of UGS PLM's foreign subsidiaries. Further admits that, at some of the relevant times, some of UGS PLM's subsidiaries licensed that software to third parties. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. Admits that, at some of the relevant times, some of UGS PLM's foreign subsidiaries paid royalties to some of UGS's PLM's domestic subsidiaries. Further admits that some of UGS PLM's foreign subsidiaries historically paid royalties to some of UGS PLM's domestic subsidiaries in arrears. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15. Admits that EDS sold all the stock of UGS PLM to BSW Holdings, Inc., and/or UGS Corp. in 2004. Further admits that UGS Corp. was a corporation formed by BSW Holdings, Inc. Denies that BSW Holdings, Inc. changed its name to UGS Capital. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. Admits that on or about March 12, 2004, BSW Holdings, Inc., EDS, and UGS PLM executed a Stock Purchase Agreement ("SPA"), which contemplated that some of UGS PLM's foreign subsidiaries might make purported royalty prepayments to some of the domestic subsidiaries of UGS PLM.  Further admits that some of UGS PLM's domestic subsidiaries and some of its foreign subsidiaries executed addenda to their sublicense agreements, which provided that the foreign subsidiaries would, on a particular date, purportedly pay to the domestic subsidiaries a particular percentage of "75% of budgeted license and maintenance revenue" for the period July 1, 2004, through December 31, 2005.   Lacks sufficient knowledge or information to form a belief in the truth of the remaining allegations in paragraph 16.

17. Lacks sufficient knowledge or information to form a belief in the truth of the allegations in paragraph 17, except admits that, in form, UGS PLM issued dividends to EDS, but denies that the total amount of the purported dividends was $207 million.

18. Admits that the SPA contemplated that UGS PLM's subsidiaries might make purported royalty prepayments.  Further admits that the SPA contemplated that UGS PLM might declare and pay certain purported

dividends.  Lacks sufficient knowledge or information to form a belief in the truth of the remaining allegations of paragraph 18.

19. Admits that some of UGS PLM's domestic subsidiaries and some of its foreign subsidiaries executed addenda to their sublicense agreements, which provided that the foreign subsidiaries would not be required to pay to the domestic subsidiaries any royalties for the portion of the subsidiary's "sales that are in excess of 75% but not in excess of 80% of budgeted license and maintenance revenue." Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. Admits that some of UGS PLM's domestic subsidiaries and some of its foreign subsidiaries executed addenda to their sublicense agreements, which provided that the foreign subsidiaries would be required to pay royalties to the domestic subsidiaries for the portion of the subsidiary's sales that exceeded 80% of purported budgeted revenue at the same rate applied to the prepayments. Lacks knowledge or information sufficient to from a belief in the remaining allegations in paragraph 20.

21. Admits that some of UGS PLM's domestic subsidiaries and some of its foreign subsidiaries executed addenda to their sublicense agreements, which provided for purported royalty prepayments and specified some of the terms

10684839.2

thereof. Further admits that, in form, under certain amended royalty agreements, the royalty payments were non-contingent and nonrefundable. Admits that under certain amended royalty agreements, if a subsidiary did not realize 75% of purportedly budged revenues, the subsidiary owed the amount of the purported royalty prepayments and was not entitled to any refund. Lacks sufficient knowledge or information to form a belief in the truth of the remaining allegations in paragraph 21.

22. Admits that some of UGS PLM's domestic subsidiaries and some of its foreign subsidiaries executed addenda to their sublicense agreements, which provided that purported royalty prepayments would be made by cash and/or promissory notes. Further admits that, using the currency conversion rates and other assumptions contained within those addenda, the approximate distribution between cash and promissory notes was to be 65 percent cash and 35 percent promissory notes. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23-25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 23-25.

26. Admits that EDS did report purported royalty prepayments as income on its consolidated federal income tax return for the 2004 tax year. Lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27. Admits that EDS reported the purported prepaid royalties as income on its consolidated federal income tax return for the 2004 tax year. Further admits that UGS Capital did not report the purported royalty prepayments in its post-acquisition taxable income for the 2004 tax year. Lacks sufficient knowledge or information to form a belief in the truth of the remaining allegations in paragraph 27.

28. Admits that UGS Capital made Schedule M-3 adjustments on its federal income tax returns ostensibly to reduce its income. Further admits that UGS Corp reported the purported royalty prepayments on its internal financial statements over the purported prepayment period. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

29. Admits that following an examination of UGS Capital's 2004 federal income tax return, the Internal Revenue Service disallowed the Schedule M-3 adjustments and concluded that $75,949,839 of the royalties that had purportedly been prepaid constituted post-acquisition taxable income to UGS Capital in the 2004 tax year. Further admits that the Internal Revenue Service issued a notice of

deficiency to Siemens Industry, Inc., for $763,532.  Lacks sufficient knowledge or information to form a belief in the truth of the remaining allegations in paragraph 29.

30. Admits.

31. Admits.

32. Admits.

33. Admits.

34. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

## COUNT TWO

36. The United States incorporates its responses to the preceding allegations as if set forth in full.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

10684839.2

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

## COUNT THREE

40. The United States incorporates its responses to the preceding allegations as if set forth in full.

41. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

## PRAYER FOR RELIEF

45. Admits that Plaintiff seeks a refund of federal income tax for the 2004 tax year in the amount of $763,532, plus interest, costs, and such other relief as the Court deems just and proper.  Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45.

WHEREFORE, having answered the allegations of Plaintiff's complaint, the United States respectfully prays as follows:

A. For judgment in its favor, denying the relief sought in Plaintiff's complaint ; and

B. For such other and further relief as the Court may deem just and appropriate.

Dated: November 1, 2013

        KATHRYN KENEALLY
        Assistant Attorney General

        /s/ Michael N. Wilcove
        MICHAEL N. WILCOVE
        JOSEPH E. HUNSADER
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Washington, D.C. 20044
        Telephone: (202) 514-6474
        Facsimile: (202) 514-9868
        Email: michael.n.wilcove@usdoj.gov
        Email: joseph.e.hunsader@usdoj.gov

OF COUNSEL:
SALLY QUILLIAN YATES
United States Attorney

LENA AMANTI
Assistant United States Attorney
Georgia Bar No. 666825

10684839.2

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, I caused to be served the foregoing upon plaintiff's counsel through the Court's e-filing system.

/s/ Michael N. Wilcove
MICHAEL N. WILCOVE

10684839.2