IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIEMENS INDUSTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:13-cv-03080-RLV |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION TO STAY CASE PENDING
SETTLEMENT DISCUSSIONS**

The parties respectfully move the Court to stay this case through

January 30, 2014, in order that the parties may endeavor to resolve this

matter before discovery.

Plaintiff seeks a refund of tax and interest that it asserts was

overpaid by its predecessor.  More specifically, the Internal Revenue

Service examined the 2004 federal income tax return filed by the

predecessor.  After concluding that the return underreported the correct

tax by $763,532, the IRS assessed that deficiency (and interest) against

plaintiff, as successor-in-interest.  In September 2011, plaintiff paid the

assessment.   In October 2011, plaintiff filed with the IRS a claim for refund

of that payment.  More than six months passed without the IRS taking

10753490.1

action to either allow or disallow the claim.  At that point, jurisdiction arose for plaintiff to file suit for a refund of the tax and interest. I .R.C. §6532(a) (26 U.S.C.).   On June 15, 2012, plaintiff filed this action with the United States District Court for the District of Columbia.  The case was subsequently transferred to this Court.  On November 1, 2013, the Government filed its Answer.  The discovery period is scheduled begin on December 1, 2013.  L.R. 26.2A.

This case, however, is complex.  One member of a group of affiliated corporations had developed product life-cycle management software.  The right to market the software was licensed to several of the group's foreign members.  In consideration for that right, the licensees paid royalties to the licensors.  In 2004, the licensees entered into agreements to prepay the royalties that they expected to incur.  At issue are the tax effects of the prepayment arrangements.   Because of the case's complexity, the parties will need to undertake extensive and costly discovery, both fact and expert.  A trial would similarly be lengthy and costly.  To avoid a massive investment of both time and money, the parties would appreciate the chance to attempt to resolve this case before discovery.

Plaintiff's counsel and the Government's trial attorneys have discussed tentative terms which, if offered, could resolve this action.  The

2

10753490.1

Government's trial attorneys, however, do not have the authority to settle this litigation. In cases arising under the Internal Revenue Code (26 U.S.C.), only the Attorney General "or his delegate" may compromise cases after they have been referred to the Department of Justice by the Secretary of Treasury. 26 U.S.C. § 7122(a). Delegations of that authority are set forth at 28 C.F.R. §§0.160, 0.161(b), and Part O, Subpart Y, Appendix, Tax Division Directive No. 139. A determination of whether an official has settlement authority depends on several factors: (1) the type of action; (2) the amount of the proposed concession of the government's claim; (3) the nature of the action proposed to be taken by the government (e.g., concession, settlement, acceptance or rejection); and (4) whether or not the Internal Revenue Service agrees with a proposed action.

Once plaintiff makes an offer to settle the case, the Government's trial attorneys will need to solicit the recommendation of the Chief Counsel's office of the Internal Revenue Service. When that recommendation is received, the proposed resolution must be forwarded to the Tax Division official with authority to act on it.[1] The parties anticipate that it will take at least ninety days for this process to occur.

---

[1] The parties anticipate that official to be the Chief of the Tax Division's Office of Review.

10753490.1

They, therefore, respectfully ask that the case be stayed until January 30, 2014.

Should the Court grant this motion, the parties will promptly advise the Court when either a resolution or an impasse has been reached. If the latter occurs, the stay may then be immediately lifted and discovery commenced. The Court's consideration is appreciated.

Dated: November 14, 2013

Kathryn Keneally
Assistant Attorney General


/s/ Michael N. Wilcove                    /s/Charles P. Hurley
Michael N. Wilcove                        Charles P. Hurley
Joseph E. Hunsader                        Admitted Pro Hac Vice
U.S. Department of Justice                Mayer, Brown
Civil Trial Section, Southern Region      1999 K Street, N.W.
PO Box 14198                              Washington, D.C. 20006-1101
Washington, DC 20044                      Telephone:  (202) 263-3260
Tel: (202) 514-6474                       Facsimile: (202) 263-5260
Fax: (202) 514-9868                       Email: churley@mayerbrown.com
Michael.N.Wilcove@usdoj.gov

Of counsel:
Sally Quillian Yates
United States Attorney

Lena Amanti
Assistant U.S. Attorney
Georgia Bar No: 666825

I certify that this motion was prepared using Book Antiqua font, size 13.

s/ Michael N. Wilcove

10753490.1